11601.  LEWIS *v.* ROBERTSON.

BLOODWORTH, J.    There is no reversible error in either of the excerpts from the charge of the court of which complaint is made; the trial judge

approved the finding of the jury on conflicting evidence, and this court cannot interfere where no error of law has been committed.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED DECEMBER 16, 1920.

Action for damages; from Dooly superior court — Judge Gower. May 4, 1920.

The action was for injury to a mule struck by an automobile which it was alleged was being operated negligently and at a reckless rate of speed, running from 40 to 75 miles per hour. The verdict was for the plaintiff. In the motion for a new trial it is alleged that the court erred in charging the jury as follows: " The issue for you in the case is the determination of whether or not the defendant was negligent in the operation of his automobile, and, second, what the value of the mule was. Of course, if you should determine that there was no negligence shown on the part of the defendant in the operation of his car, your deliberations would stop there and you would find in favor of the defendant; but if you decide the first question affirmatively, that is to say, that there was negligence shown on the part of the defendant, and you further decide that this negligence was the proximate cause of his injury (if you find that any injury has been shown), you would address yourself then to a consideration of what the value of the mule was, and the kind and extent of the injury, if any." It is alleged that the court erred in this because it " stated only two issues before the jury, that is, as to the negligent operation of the automobile and as to the value of mule," and because the plaintiff's petition alleged that the automobile was being operated at a rate of from 40 to 75 miles per hour, when there was no evidence substantiating the allegation.

It is alleged that the court erred in charging as follows: "People who operate automobiles on the public roads of this State are charged with the duty and responsibility of exercising ordinary care and diligence and observation on particular portions of the road on which they travel; for instance, upon approaching any dangerous place in the road, in approaching a deep cut or a railroad crossing, or any place where there is likelihood or probability of collision, or any danger, the operators of those cars are charged with the responsibility of operating them in such a manner as to keep them under proper control and management for the protection of the

lives of other people and the property of other people." It is alleged that this part of the charge was not authorized by the evidence, because it does not appear that there was any dangerous place, or deep cut, or railroad crossing, or any place where there was a likelihood of collision or any danger, and that "said charge was an intimation of opinion by the court in instructing the jury that the defendant was charged to observe things and laws which were not applicable to the case." It is alleged that the court erred in charging: "If you find that it was an accident, as I have detailed to you, that is to say, that there was no evidence of negligence on the part of the defendant in this transaction, you will find in favor of the defendant." This was complained of as instructing the jury that if there was evidence of negligence of the defendant he would be liable, and that if any evidence had been introduced as to such negligence the injury could not have been an accident; also because the court thereby expressed an opinion that evidence had been introduced as to negligence of the defendant in the operation of the automobile, and because the court intimated an opinion that if there was any evidence of negligence on the part of the defendant he would be responsible whether the jury believed the evidence as introduced or not.

*Powell & Lumsden,* for plaintiff in error.

*Jule Fellon,* contra.